UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAR YANG, | 1:09-cv-01588 MJS HC |
| Petitioner, | ORDER DISMISSING PETITION DUE TO PETITIONER'S FAILURE TO FOLLOW A COURT ORDER |
| v. | |
| ATTORNEY GENERAL et al., | [Doc. 11] |
| Respondents. | |

Petitioner is proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

On September 9, 2009, Petitioner filed a petition for writ of habeas corpus. On April 15, 2010, the Court issued an order reassigning the present matter to Magistrate Judge Michael J. Seng and served the order on Petitioner. (Reassignment Order, ECF No. 9.) On April 26, 2010, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable. On July 19, 2010, the Court issued an order to show cause by August 5, 2010 why the petition should not be dismissed due to Petitioner's failure to inform the Court of his current address. (Order to Show Cause, ECF No. 11.) On July 22, 2010, the order served on Petitioner was returned by the U.S. Postal Service as undeliverable.[1] Petitioner has not proved the Court with

---

[1] It is also noted that Respondent filed a motion to dismiss for lack of jurisdiction on May 25, 2010. (Mot. to Dismiss, ECF No. 10.) By way of the motion, Respondent informed the Court that Petitioner had been released from custody.

| | |
|---|---|
|1| his current address.|
|2| Pursuant to Local Rule 183(b), a party appearing in propria persona is required to keep|
|3| the court apprised of his or her current address at all times. Local Rule 183(b) provides, in|
|4| pertinent part:|

> If mail directed to a plaintiff in propria persona by the Clerk is returned by the U.S. Postal Service, and if such plaintiff fails to notify the Court and opposing parties within sixty-three (63) days thereafter of a current address, the Court may dismiss the action without prejudice for failure to prosecute.

In the instant case, over sixty-three (63) days have passed since Petitioner's mail was returned and he has not notified the court of a current address.

In determining whether to dismiss an action for lack of prosecution, the court must consider several factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the respondents; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives. Henderson v. Duncan, 779 F.2d 1421, 1423-24 (9th Cir. 1986); Carey v. King, 856 F.2d 1439, 1440-41 (9th Cir. 1988). The Court finds that the public's interest in expeditiously resolving this litigation and the Court's interest in managing the docket weigh in favor of dismissal as this case has been pending since September 9, 2009. The Court cannot hold this case in abeyance indefinitely based on Petitioner's failure to notify the Court of his address. The third factor, risk of prejudice to respondents, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence of unreasonable delay in prosecuting an action. Anderson v. Air West, 542 F.2d 522, 524 (9th Cir. 1976). The fourth factor, public policy favoring disposition of cases on their merits, is greatly outweighed by the factors in favor of dismissal discussed herein. Finally, given the Court's inability to communicate with Petitioner based on Petitioner's failure to keep the Court apprised of his current address, no lesser sanction is feasible.

Accordingly, the Court hereby orders that this action be dismissed without prejudice for Petitioner's failure to prosecute.

///

U.S. District Court
E. D. California

-2-

**ORDER**

Accordingly, IT IS HEREBY ORDERED that:

1. The Petition for Writ of Habeas Corpus is DISMISSED without prejudice;

2. The Clerk of Court is DIRECTED to dismiss all pending motions as MOOT;

3. The Clerk of Court is DIRECTED to enter judgment.

IT IS SO ORDERED.

Dated: August 24, 2010

/s/ *Michael J. Seng*
UNITED STATES MAGISTRATE JUDGE